# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

Nº 25-CV-2603 (RER) (CLP)

———————————————

## DEONNE KIRKLAND

VERSUS

## OFFICER BAKER, #8261, *ET AL.*

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Deonne Kirkland ("Plaintiff"), currently being held at the Rose M. Singer Center ("RMSC") at Rikers Island, brings this action *pro se* against Correction Officer Baker, Shield No. 8621, Correction Officer West, Shield No. 4324, RMSC Warden R. Miller and New York City Department of Correction Commissioner Lynelle Maginley-Liddie, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2.) Plaintiff's application for pro bono counsel is denied without prejudice. (ECF No. 3.) For the reasons discussed below, Plaintiff's claims against Warden R. Miller and Commissioner Lynelle Maginley-Liddie are dismissed. Plaintiff's claims against Correction Officers Baker and West shall proceed.

1

## BACKGROUND

Plaintiff alleges that on August 14, 2023, she was, "approached by Office[r] West and two detainees who told me that if I go to church I would be beaten because I didn't care about God when I was home."[1] (ECF No. 1 at 4). Plaintiff asserts that on August 20, 2023, she "was assaulted by the same two detainees at the chapel (and more) of RMSC for praying and coming to church. Officer Baker stated that they told you not to come but you didn't listen. While I was being beaten[,] Officer Baker [used] spray to stop the fight [but it] did not work/she didn't do anything to stop me from getting jumped by detainees that were not even on the list to attend church." (*Id*.) Plaintiff further alleges that she has not been able to attend any religious services, and "Officer Baker stated that I must want my ass whipped again and that I should change my religion." (*Id*.) Plaintiff seeks money damages, and for both officers to be removed from their posts. (*Id*. at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[1] Plaintiff has pending criminal charges in Kings County Criminal Court. *See People v. Kirkland*, No. IND-75103-22/001.

Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

A. Section 1983

Plaintiff brings this action under Section 1983 which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section

1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

    B. <u>Personal Involvement</u>

    To the extent Plaintiff seeks to bring claims against RMSC Warden R. Miller and New York City Department of Correction Commissioner Lynelle Maginley-Liddie, her claims fail. Plaintiff names them as defendants in the caption of the complaint and in the list of defendants in the body of the complaint, but Plaintiff fails to set forth any factual allegations against either of them. "[W]here a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate." *Hobbs v. Dep't of Transp. N.Y.C.*, No. 20-CV-512, 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020) (citations omitted); *see also Askew v. Lindsey*, No. 15-CV-7496, 2016 WL 4992641, at *7 (S.D.N.Y. Sept. 16, 2016) (same).

    Furthermore, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citing *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 122 (2d Cir. 2004)). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). In addition, the theory of respondeat superior is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.

2003) (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti*, 983 F.3d at 618 (internal quotation marks and citation omitted). Here, Plaintiff fails to plead any facts to show that RMSC Warden R. Miller or New York City Department of Correction Commissioner Lynelle Maginley-Liddie had any personal involvement in any of the alleged violations asserted in her complaint.

## **CONCLUSION**

Accordingly, Plaintiff's claims against Warden R. Miller and Commissioner Lynelle Maginley-Liddie are dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A. Summonses shall not issue as to these Defendants, and the Clerk of Court is directed to terminate these Defendants from the action.

Plaintiff's claims against Correction Officers Baker and West shall proceed. The Clerk of Court shall issue a summons, and the United States Marshals Service is directed to serve the summons, Complaint, and this Order upon these Defendants without prepayment of fees.

Plaintiff's request for pro bono counsel is denied without prejudice. The case is respectfully referred to Magistrate Judge Cheryl L. Pollak for pretrial supervision.

The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff and to the Corporation Counsel for the City of New York, Special Federal Litigation Division, noting the mailings on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.05.23 14:04:14 -04'00'

_____
Ramón E. Reyes, Jr.
United States District Judge

Dated: May 23, 2025
　　　 Brooklyn, New York

6